IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENNETH WOLD, an individual, Plaintiff, | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD PARTIES |
| vs. | |
| EL CENTRO FINANCE, INC., an Idaho corporation, Defendant. | Case No. CV-08-264-S-BLW |

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint to add four additional related defendants. Defendant opposes amendment on the ground that it would be futile. For the reasons stated below, the Court finds leave to amend would be futile and therefore denies the motion.

I. BACKGROUND

Under Fed. R. Civ. P. 15(a), leave to amend "shall be freely given when justice so requires."

Accordingly, "[l]eave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts."[1]  However, "[a] trial court may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit."[2]  Therefore, "[w]hen a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment."[3]

Plaintiff initially brought claims of age discrimination in employment under the Age Discrimination in Employment Act (ADEA) and the Idaho Human Rights Act (IHRA) against El Centro Tax (Defendant), the company that he alleges refused to hire him based on age.  Prior to filing, Plaintiff had exhausted his administrative remedies against Defendant by filing a Charge of Discrimination naming that entity and eventually received a Right to Sue letter.

Plaintiff now seeks leave to amend to add three related companies—El Centro Insurance, Inc., El Centro Mortgage Inc., and El Centro Tax, Inc., (Related Entities)—and their sole shareholder and CEO, Benjamin Page (Page), in his individual capacity, as defendants in his ADEA and IHRA claims.  He argues that he should be allowed to add them under a piercing the corporate veil theory because discovery has revealed that El Centro Finance is allegedly undercapitalized and may not be

---

[1] *Knappenberger v. City of Phoenix*, __ F.3d __, 2009 WL 1444557, 4 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)) (quotation marks partially deleted).

[2] *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990) (citing *Foman v. Davis*, 371 U.S. 178, 182, 183 (1962) as "listing these factors among others to be considered").

[3] *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (finding no abuse of discretion in denial of leave to amend because plaintiffs could not cure their inability to demonstrate standing, "the basic flaw in their pleading").

able to pay any judgment should Plaintiff prevail.  Plaintiff also argues that Page should be personally liable for the alleged discrimination because he was the actor involved in the alleged events and that the Related Entities should be liable under a joint enterprise theory.  Plaintiff's proposed amended complaint does not include a separate claim to pierce the corporate veil, but instead seeks to add the Related Entities and Page as additional defendants on his discrimination claims.  Plaintiff concedes that the "integrated enterprise" theory alleged in its proposed Amended complaint[4] cannot be used as A vehicle for imputing liability to the Related Entities.[5]

Defendant opposes the amendment on the ground it is futile because (1) Plaintiff has not exhausted his administrative remedies as to the Related Entities and Mr. Page; and (2) relief cannot be granted on the claims against Page because there is no individual liability under the ADEA and the IHRA.

## II.  DISCUSSION

Defendant first argues that amendment would be futile because the Court would not have subject matter jurisdiction over the new discrimination claims against the Related Entities and Page because he did not name them in his EEOC Charge and, therefore, has not exhausted his administrative remedies against them.

---

[4]Docket No. 27 at ¶¶ 5, 6, 7, and 8.

[5]Pl.'s Reply Mem. at 6.  The integrated enterprise theory may be used to determine the number of employees for purposes of determining the applicability of the ADEA.

Defendant is correct that exhaustion of administrative remedies is a requirement to the filing of a claim under the ADEA[6] or the IHRA.[7] In support of his request to add defendants not named in the EEOC charge, Plaintiff quotes dicta,[8] cites to a line of cases courts allowed additional claims to be brought against a single employer who operated several facilities, and relies on a Ninth Circuit case involving broker liability under the Fair Housing Act.[9]

Plaintiff's quoted dicta from *Killian v. Kinzer* refers to the case *Evans v. Sheraton Park Hotel*,[10] one of a line of cases allowing an international union to be added as an indispensable party to a discrimination suit brought against the employer and local union, despite the failure to name the international union in the EEOC charge. The *Evans* case is inapposite to the present case as there is no issue of an indispensable party.[11]

---

[6] *Limongelli v. Postmaster General,* 707 F.2d 368, (9th Cir. 1983) (holding plaintiff could "not look to courts for relief" where he did not exhaust his administrative remedies under the ADEA).

[7] *Bryant v. City of Blackfoot*, 48 P.3d 636, 642 (Idaho 2002) (finding that IHRA imposes a procedural requirement of filing a complaint with the Idaho Human Rights Commission as a condition precedent to filing a lawsuit under IHRA and that the failure to do would result in dismissal of claim).

[8] *Killian v. Kinzer*, 716 A.2d 1071, 1073 (Md. App. 1998) (Title VII case affirming trial court's grant of summary judgment on hostile work environment claim that had not been listed in EEOC charge of discrimination because it did not comply with Title VII's notice requirements).

[9] *Holley v. Crank*, 400 F.3d 667 (9th Cir. 2005).

[10] 503 F.2d 177, 183-84 (D.C. Cir. 1974).

[11] *See also Stache v. International Union of Bricklayers*, 852 F.2d 1231 (9th Cir. 1988) (reversing and remanding for dismissal of international union for failure to exhaust administrative remedies because international union was not named in EEOC charge and charge did not allege facts implying its discriminatory acts).

Plaintiff next cites several cases as standing for the proposition that where entities are intertwined, notice to one of the entities of the EEOC charge is notice to all for the purpose of exhausting administrative remedies.[12]  However, none of those cases involve a request to file an amended complaint adding an additional defendant not named in the EEOC charge.  Instead, each case involved only the issue of allowing the addition of claims of similar discrimination occurring at different facilities owned and operated by the single defendant employer.[13]  Because none of these cases involve amending a complaint to add as an additional defendant a party against whom administrative remedies had not been exhausted, those cases are also inapposite.  Therefore, the Court finds that it would be futile to allow an amendment to add the Related Entities and Page because Plaintiff has not complied with the prerequisite for filing suit against them under the ADEA or the IHRA by naming them in an EEOC charge.

---

[12]*EEOC v. American National Bank*, 652 F.2d 1176, 1185-86 (4th Cir. 1981) (involving claims based on actions in different branches all owned by a single defendant); *Lucky Stores, Inc. v. E.E.O.C.* 714 F.2d 911, 912 (9th Cir. 1983) (involving identical claims of discrimination at different facilities of a single defendant); *EEOC v. Occidental Life Ins. Co. of California*, 535 F.2d 533 (9th Cir. 1976) (allowing additional charges of different types of discrimination against a single employer where the additional charges arose from the reasonable investigation of discrimination alleged in employee's EEOC charge).

[13] *Killian*, 716 A.2d at 1073 (Title VII case affirming trial court's grant of summary judgment on claim of hostile work environment not listed in EEOC charge of discrimination because it did not comply with Title VII notice requirements).  Plaintiff quotes the dicta in *Killian*, referencing *Evans*, 503 F.2d at 183-84.

The Court finds that Defendant is also correct that there is no individual liability under the ADEA[14] or the IHRA.[15] Tacitly recognizing the rule of no individual liability for employees, officers and directors, Plaintiff relies on the *Holley* case for the proposition that an individual may nonetheless be held liable under the ADEA or IHRA if a jury determines the corporate veil should be pierced.

*Holley* involved the application of the California law of the personal liability of an individual licenced real estate broker, Meyer, to impose vicarious liability for delegated actions of his corporate employee in alleged violation of the Fair Housing Act. In this context, the Ninth Circuit remanded to the trial court to allow an amendment to add a claim that the licenced broker, as sole shareholder of the corporate employer, is liable under the piercing of the corporate veil theory for the alleged violation of the FHA.[16]

In the absence of any case law extending *Holley* to the context of employment discrimination cases such as Title VII or the ADEA, the Court declines to read it as allowing a theory of individual liability under the ADEA or the IHRA under the piercing of the corporate veil theory.

The Court notes that, should Plaintiff prevail in this action, the present denial of leave to amend to add the Related Entities and Page as additional defendants to his claim of discrimination under Title VII does not necessarily foreclose Plaintiff's ability to attempt to collect any money

---

[14]*Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993).

[15]*Foster v. Shore Club Lodge, Inc.*, 908 P.2d 1228, 1223 (Idaho 1995) (granting summary judgment in favor of corporate officer because the IHRA "does not contemplate individual liability for an employer's agents or employees, in addition to the employer").

[16]400 F.3d at 675.

judgment in his favor against Page under a theory of piercing the corporate veil.  Whether a Plaintiff may bring an action against a particular defendant for a violation of ADEA or the IHRA is an issue different from the issue of whether a corporate veil may be subsequently pierced to collect a money judgment against a corporation from its sole shareholder.[17]

III.  CONCLUSION

Based on the foregoing, it is therefore

ORDERED that Plaintiff's Motion for Leave to Amend Complaint to Add Parties (Docket No. 27) is DENIED.

DATED   June 17, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[17]*See Rahas v. Ver Mett*, 111 P.3d 97 (Idaho 2005) (denying attorney fees in a case where judgment creditor of corporation brought a separate lawsuit seeking to recover the judgment against the corporation's president under a theory of, among other things, piercing the corporate veil).